McKEAGUE, Circuit Judge,
dissenting.
Summary judgment is proper here because even if Barkovic’s version of events be accepted as true, there is insufficient support for the conclusion that Hogan acted under color of state law. The majority pays lip service to the correct standard — a public employee acts under color of state law when he “exercise[s] power possessed by virtue of state law and made possible only because [he or she] is clothed with the authority of state law.” West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quotations omitted). However, the majority neglects to apply this standard. The majority opinion no *501 where explains how Hogan could have been exercising state-given authority when he pushed Barkovic into the door-frame. In Chapman, the factfinder could reasonably have concluded that the security officer was exercising state-given power because he was dressed in uniform and engaging in activities bearing a relationship to law enforcement. Hogan, on the other hand, although present in the courthouse pursuant to a subpoena and therefore on official business, was not in uniform and was clearly not acting in a law enforcement capacity or exercising any power possessed by virtue of state law when he shoved Barkovic.
The majority notes that it is unclear whether the jury room was a restricted area. So what? The altercation did not occur there; it took place in a public hallway. The majority also notes that Hogan’s status as a police officer was relevant to the background relationship between the two men, but this fact is irrelevant to deciding whether Hogan was exercising state-given power when he shoved Barko-vic in response to verbal insults. Finally, although Barkovic alleges that Hogan’s status as a police officer “embolden[ed]” him to attack Barkovic, Barkovic cites no record support for this allegation nor any authority for the notion that it is relevant.
In the end, the factual disputes in this case are immaterial. Even under Barko-vic’s version of events, Hogan’s actions were not made possible only because of his state-given powers. But for his official status, Hogan could still have pushed Bar-kovic. In my opinion, the district court properly granted summary judgment on Barkovic’s § 1983 claim for excessive force in violation of his Foürth and Fourteenth Amendment rights, and Barkovic was properly left to pursue his state law remedies for assault and battery in state court. I respectfully dissent.